Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Louise Wendel against Joseph Wendel. From a judgment dismissing her complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Gustave Hurliman, for appellant.

James W. Ridgway, for respondent.

MacLEAN, J. Testifying in her own behalf, in an action to recover for moneys had and received from her and to her benefit by her husband, prior to an informal separation, the plaintiff said she had paid the sums admittedly paid, beginning the week after the wedding, at the suggestion and request of the defendant, to be put into his bank, as it was not convenient for herself to go to New York to make the deposit. It was shown, by copy of a complaint verified by herself, that in another action the plaintiff had claimed to have given the money to the defendant in consideration of his promise to receive and care for a minor son born in her former wedlock, and which promise he had refused to fulfill. For this supposed variance in her versions of the transactions, the complaint was dismissed. This was error. The additional allegation in the earlier complaint of an ulterior reason for paying the money, that it was to be used for the care of the child for whom the plaintiff was bound to care, is not incompatible with the allegation that the payment was for the benefit of the plaintiff; nor was so the statement that it was paid at the suggestion of the defendant, to be kept for and returned to the plaintiff at any time, as she wished, which might well be at any time before he had begun to fulfill the alleged promise to receive and care for the minor. Moreover, the defendant testified, under a general denial, that he had received the money on account of a marriage portion only partly paid; that the plaintiff had left him at his instance and request, and upon his offer to pay her a larger sum in consideration of that separation. Thus, apparently, the man was indebted to the woman, for more than the amount she claimed, upon another contract; nor could he rightfully keep the money which he received, according to his own showing, under a contract which he rendered practically ineffectual, even though it was a contract of marriage.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., concurs in result.

---

(26 Misc. Rep. 397.)

HARVIER v. NEW YORK & H. R. R. CO. et al.

(Supreme Court, Appellate Term. February 24, 1899.)

1. MUNICIPAL CORPORATIONS—IMPROVEMENT OF STREET—APPOINTMENT OF INSPECTORS.

Laws 1892, c. 339, created a board for the improvement of part of a street, and authorized the board to take entire control of the improvement, and execute the same, and provided that the work should be done under

the supervision of the department of public works, the commissioner of which should appoint necessary inspectors to supervise the work. *Held*, that the board had authority to appoint an inspector of masonry and watchmen to perform services on the improvement.

2. SAME—TERM OF SERVICE.
　　Laws 1892, c. 339, § 13, required a railroad to elevate its tracks in a certain street, and created a board to take charge of the improvement, the work to be done as far as possible by contract, and the cost to be paid in the first instance by the railroad. Laws 1898, c. 613, passed April 29, 1898, transferred to the highway commissioner all the powers of the board. Section 3 provided that the act should not affect any contracts made by or with the board; and section 4, that the railroad should not be relieved from any costs, charges, or expenses imposed by the former act. *Held*, that wages of workmen appointed by the board came under the last section, and that the later act did not vacate the positions of the board's appointees, who were entitled to wages for work done after the second act was passed, in the absence of notice by the highway commissioner to quit.
　　MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Ernest Harvier against the New York & Harlem River Railroad Company and others. From a judgment for plaintiff, defendant railroad company appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Chas. G. Spaulding and Robt. A. Kutschbock, for appellant.

L. M. Berkeley, for respondent.

FREEDMAN, P. J. The plaintiff brings this action as the assignee of Arthur Schlemmer, Charles Curry, and James Owens, who claim there was due them from the defendants the sum of $208.50, for wages for the month of May, 1898, for work done by them in Park avenue, New York City. In 1892 the legislature passed an act (chapter 339) by which it was provided that the defendants' tracks in Park avenue should be elevated and placed upon a viaduct; and provision was made in said act for a public board, to be known as the "Board for the Improvement of Park Avenue above 106th Street." Upon the trial the defendants offered no testimony, and, at the close of the case on the part of the plaintiff, moved to dismiss the complaint, upon the grounds that the board had no authority under the law to appoint these men; that the board went out of existence on April 29, 1898, and, by virtue of the statute (chapter 613, Laws 1898), all the appointees of the board went out of office with it; and that the action was improperly brought against these defendants,—and upon those grounds is based the argument on this appeal.

The powers and duties imposed upon the board for the improvement of Park avenue above 106th street, so far as they appear applicable to the case at bar, are set forth in section 13 of chapter 339 of the Laws of 1892, as follows:

"There shall be a board * * * which * * * shall be called the 'Board for the Improvement of Park Avenue, above One Hundred and Sixth

Street.' It shall be the duty of said board to file a detailed statement under oath of the items of expenditures with the comptroller of the city of New York. * * * Regular accounts shall be kept by the board, which shall be open for the inspection of the officers of the said railroad company and to the comptroller of the city of New York. * * * The said board is hereby authorized and directed to take entire charge and control of the said improvement from One Hundred and Sixth street to the line of the Harlem river, * * * and to execute the same in conformity with all the provisions of this act, in a substantial and workmanlike manner. Such work shall be done as far as possible by contract. * * * All work to be done upon or under any street, between One Hundred and Sixth street and the south line of the Harlem river, shall be done under the supervision of the department of public works, and the commissioner of public works shall appoint necessary inspectors and engineers for the supervision of said work."

The act also provided that the expense and cost of said improvement should be paid by the railroad company in the first instance, and it was to be reimbursed by the city of New York for one-half thereof up to a certain amount. The several amendments made to the above act do not affect this case.

By chapter 613 of the Laws of 1898, passed April 29th, all the powers and duties imposed or conferred upon said board were transferred to and devolved upon the commissioner of highways of the city of New York; and it was provided in that act that nothing contained therein should affect any contract theretofore made by or with said board, and that any contract and all rights thereunder might be enforced in the name of the city of New York by the commissioner of highways, in the same manner and to the same extent that any such contract or such rights thereunder might or could have been enforced by the said board. Section 4 of that act provided that nothing contained in said act should relieve the New York & Harlem River Railroad Company, or its lessee, the New York Central & Hudson River Railroad Company, or either of them, from any costs, charges, or expenses imposed upon them by Act 1892, c. 339.

It is conceded by the appellants that Schlemmer was appointed an inspector of masonry July 15, 1895, at a salary of $100 per month; that Curry was appointed a watchman on June 29, 1897, at wages of $1.75 per day; and that Owens was appointed to the same position, at the same wages, on March 18, 1898, which appointments were duly made by resolutions passed by said Park avenue board. It is also conceded that they continued to perform the work for which they were appointed up to June 2, 1898, when each received a notice from the commissioner of highways of the city of New York informing them that their positions had been vacant since April 29, 1898. These defendants paid them up to April 29, 1898; and it was shown on the trial that no other notice had ever been given them; that defendants refused to pay them for their services since the date last mentioned; and that they had not been paid; and that their claims had been duly sold and assigned to this plaintiff, who paid therefor the full amount of their respective claims. The board for the improvement of Park avenue above 106th street had authority, under the act creating them and defining their duties and powers, to appoint such men. "The power to do an act in-

volves the power to do it effectively." Matthews v. Insurance Co., 154 N. Y. 460, 48 N. E. 751. It is not important whether the appointees were termed "inspectors" or "watchmen," or by what name they were known on the pay rolls. If they were employed by the board to, and did, perform services upon the work over which the board had entire charge and control, that is sufficient. The structure upon which the work was done by Schlemmer, Curry, and Owens was the property of these defendants (section 24, c. 339, Laws 1892; People v. Commissioners of Taxes, 101 N. Y. 322, 4 N. E. 127); and the defendants derived the benefit of such services.

The act of 1898 (chapter 613) transferred to and imposed upon the commissioner of highways of the city of New York all the duties and liabilities theretofore imposed upon the board. It is evident that section 3 of that act does not intend to include contracts of hiring, but makes a distinction between the contracts contemplated by section 13 of the act of 1892 and what might be deemed "costs, charges and expenses" under section 4 of the act of 1898 (chapter 613); and the wages of the assignors may reasonably be considered as a portion of the "expenses" contemplated in the section last referred to. The commissioner of highways of the city of New York, under the authority conferred and imposed upon him by the act of 1898, might have discharged Schlemmer, Curry, and Owens at any time after April 29, 1898. He permitted them to continue their duties until June 2, 1898, without notice; and a notice given at that time could not deprive them of wages already earned from April 29, 1898, to June 2, 1898.

The judgment should therefore be affirmed, with costs. All concur, except MacLEAN, J., dissenting.

MacLEAN, J. (dissenting). Inasmuch as the "Board for the Improvement of Park Avenue above 106th Street" ceased to exist on the 29th of April, 1898, by virtue of chapter 613 of the Laws of that year, the employment of persons engaged by it terminated with the board's existence; just as the death of the master discharges servants, even when the hiring be for a definite period, and not, as here, only at will. The assignees of the plaintiff must be deemed to have known of the abolition of their employer. If they wished any further work, they should have sought and obtained employment from the authority charged with carrying on the work of the late board. It is not to be assumed from the devolution of the work upon a new functionary that it was the intent of the legislature thereby to continue the employment of the laborer hired by the board abolished, but rather otherwise, since it omitted to manifest such intention by providing that the laborers be so continued.